UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA

VERSUS	CRIMINAL ACTION

LARRY COLEMAN	NUMBER 07-247-RET-DLD

## **NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on August 19, 2011.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA

VERSUS                                                          CRIMINAL ACTION

LARRY COLEMAN                                         NUMBER 07-247-RET-DLD

## MAGISTRATE JUDGE'S REPORT

Before the court is the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody filed by petitioner Larry Coleman. Record document number 85. The United States of America filed an opposition.[1]

### Procedural History

Petitioner pled guilty to one count distribution of five grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1) and one count possession with intent to distribute five grams or more of cocaine base in violation of in violation of 21 U.S.C. § 841(a)(1). On January 8, 2009, the petitioner was sentenced to 168 months in the custody of the United States Bureau of Prisons. Petitioner appealed asserting an ineffective assistance of counsel claim. Petitioner's appeal was dismissed as frivolous. *United States v. Larry Coleman*, No. 09-30017 (5th Cir. December 15, 2009).

Petitioner signed his motion on November 12, 2010, and it was filed on November

---

[1] Record document number 93.

10, 2010. Petitioner raised three grounds for relief:

(1) he was denied effective assistance of counsel when counsel failed to object to inaccurate information contained in the pre-sentence report (PSR) regarding an arrest for misdemeanor theft on November 11, 1999;

(2) he was denied effective assistance of counsel when counsel failed to discover evidence which established that the PSR contained inaccurate information regarding his criminal history; and,

(3) his sentence was improperly enhanced based on a sentence imposed more than 10 years prior to the commencement of the instant felony.

Petitioner's § 2255 motion was filed timely. No evidentiary hearing is required.

**Applicable Law and Analysis**

There are four grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; and (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *Hill v. United States*, 368 U.S. 424, 426-27, 82 S.Ct. 468, 470-71 (1962).

**Grounds One and Two: Ineffective Assistance of Counsel**

In his first and second grounds for relief the petitioner argued that he was denied effective assistance of counsel when counsel failed to discover and object to inaccurate information contained in the PSR. Specifically, the petitioner argued that the PSR contained inaccurate information regarding an arrest for misdemeanor theft on November 11, 1999 for which he was awarded one criminal history point for the arrest.

To obtain relief based upon a claim of ineffective assistance of counsel, the

petitioner must show "that counsel's performance was deficient" and "that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064 (1984). To prove deficient performance the petitioner must demonstrate that counsel's actions "fell below an objective standard of reasonableness." *Id.*, at 688, 104 S.Ct. at 2064. To prove prejudice, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id.*, at 694, 104 S.Ct. at 2068, and that "counsel's deficient performance render[ed] the result of the trial unreliable or the proceeding fundamentally unfair." *Lockhart v. Fretwell*, 506 U.S. 364, 372, 113 S.Ct. 838, 844 (1983).

In order to satisfy the first prong of the *Strickland* test, the petitioner must show that counsel's actions fell beneath an objective standard of reasonable professional assistance. The second prong is satisfied by a showing that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. An insufficient showing of prejudice leads to rejection of the claim without inquiry into the adequacy of counsel's performance. *Strickland v. Washington*, 466 U.S. at 697-98, 104 S.Ct. at 2069-70; *United States v. Fuller*, 769 F.2d 1095, 1097 (5th Cir. 1985).

In its response, the United States conceded that the November 11, 1999 arrest documents show that the petitioner's birth date and social security numbers differ from the Larry Coleman arrested for misdemeanor theft. Nonetheless, the petitioner has failed to demonstrate prejudice.

3

Based on a total offense level of 29[2] and a criminal history category of VI[3], the petitioner's sentence range was calculated to be 151-188 months.[4] The criminal history category was based on 13 criminal history points, which is the minimum for one to be placed in criminal history category VI.[5] Petitioner was awarded one criminal history point for the arrest of November 11, 1999.[6]

Had the petitioner not been awarded one criminal history point for the November 11, 1999 arrest, the criminal history category would have been based on 12 criminal history points and would have been placed in criminal history category V. Based on a total offense level of 29 and a criminal history category of V, the petitioner's sentencing range would be 140-175 months. Petitioner's 168 month sentence is within the sentencing range even if the petitioner had a criminal history of V.

Moreover, at sentencing, the district judge noted the petitioner's "extensive and depressing record of criminal activity" and his strong inclination to impose an upward departure "based on the fact that the criminal history category ... substantially under represents the seriousness" of the petitioner's criminal history and criminal activity.[7] Instead, the district judge resolved to sentence the petitioner at the "high middle of the

---

[2] PSR p. 7, ¶ 38.

[3] PSR at 11-12, ¶¶ 50-51.

[4] PSR at 23, ¶ 100.

[5] PSR at 12, ¶ 51.

[6] PSR at 10, ¶ 47.

[7] Sentencing Transcript, pp. 9-10.

guidelines range."[8]

Because it is clear that the district judge would have imposed the same sentence absent the error and because the sentence was reasonable, the petitioner failed to demonstrate that he was prejudiced. Petitioner's ineffective assistance of counsel is without merit.

Moreover, the petitioner's assertion that the evidence of his incarceration on other charges on November 11, 1999 is newly discovered is without merit. The PSR contains the information regarding the petitioner's conviction on possession of cocaine charges and his incarceration in the custody of the Department of Corrections on November 11, 1999.[9]

### Ground Three: Improperly Enhanced Sentence

In his third ground for relief, the petitioner argued that his sentence was improperly enhanced based on a sentence imposed more than 10 years prior to the commencement of the instant felony.

Petitioner's written plea agreement informed him of the right to appeal his sentence and that by entering into the plea agreement, he would forfeit that right, including a proceeding under 28 U.S.C. § 2255.[10]

---

[8] *Id*. at 10.

[9] PSR at 9, ¶ 44.

[10] The plea agreement reserved the right to appeal "(a) any punishment imposed in excess of the statutory maximum; (b) any punishment which is an upward departure pursuant to the guidelines; and (c) any punishment which is above the guidelines range calculated by the Court." Plea agreement, p. 2, ¶ 4. Petitioner also retained the right to bring a claim of ineffective assistance of counsel. *Id*. The guidelines range was calculated
(continued...)

5

It is well-established that a defendant may waive the right to appeal and collaterally attack a conviction and sentence, so long as the waiver is both knowing and voluntary. *See, e.g., United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005); *United States v. McKinney*, 406 F.3d 744, 746 (5th Cir. 2005) ("We apply normal principles of contract interpretation when construing plea agreements.") A court must first determine whether the waiver was knowing and voluntary, and then evaluate whether the waiver "applies to the circumstances at hand, based upon the plain language of the agreement." *Bond*, 414 F.3d at 544. A district court may examine the validity of a waiver when a defendant files a motion to collaterally attack his conviction or sentence. *See United States v. Baty*, 980 F.2d 977, 979 (5th Cir. 1992).

Rule 11, Fed.R.Crim.P. ensures that a guilty plea is knowing and voluntary by requiring the district court to follow certain procedures before accepting it.[11] *United States v. Reyes*, 300 F.3d 555, 558 (5th Cir. 2002). Petitioner has the burden to show (1) there is an error, (2) that is clear and obvious, and (3) that affects his substantial rights. *United States v. Marek*, 238 F.3d 310, 315 (5th Cir. 2002).

Petitioner was rearraigned on May 28, 2008, represented by attorney Mark Simmons. During the Rule 11 colloquy, the district judge informed the petitioner of the

---

[10] (...continued)
to be between 151 and 188 months. Petitioner was sentenced within the guidelines range.

[11] Rule 11(b)(1) provides, in pertinent part, that before accepting a guilty plea, "the court must inform the defendant of, and determine that the defendant understands, ... the nature of the charge to which the defendant is pleading ..., the maximum possible penalty ... any mandatory minimum penalty ..., the court's obligation to apply the Sentencing Guidelines, and the court's discretion to depart from those guidelines under some circumstances."

charge to which he intended to plead guilty.[12] The district judge verified that the petitioner fully understood the charge and the sentencing ramifications of his guilty plea.[13] Petitioner was adequately informed and aware of the consequences of his plea including the waiver of his right to appeal and to seek post-conviction relief.[14] Petitioner's plea was knowingly and intelligently entered and the petitioner knowingly and voluntarily waived his right to appeal and to collaterally attack his sentence and conviction. *See Bond*, 414 F.3d 544.

## RECOMMENDATION

It is the recommendation of the magistrate judge that the petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 be denied.

Signed in Baton Rouge, Louisiana, on August 19, 2011.

**MAGISTRATE JUDGE DOCIA L. DALBY**

---

[12] Record document number 77, Transcript of Re-Arraignment, pp. 18-19.

[13] *Id.* at 19-22.

[14] *Id.* at 15-16.